**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| READY CAPITAL CORPORATION, a Maryland corporation, READYCAP COMMERCIAL, LLC, a Delaware limited liability company, and READYCAP HOLDINGS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>READY CAPITAL CORPORATION, a Michigan corporation,<br><br>Defendant. | Civil No. _____<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiffs Ready Capital Corporation, ReadyCap Commercial, LLC, and ReadyCap Holdings, LLC ("Plaintiffs") for their complaint against Defendant Ready Capital Corporation, state as follows:

**PARTIES**

1. Plaintiff Ready Capital Corporation ("**Ready Capital**") is a Maryland corporation with its principal place of business in New York, New York.

2. Plaintiff ReadyCap Commercial, LLC is a wholly owned subsidiary of Ready Capital and a Delaware limited liability company with its principal place of business in Berkeley Heights, New Jersey.

3. Plaintiff ReadyCap Holdings, LLC is a wholly owned subsidiary of Ready Capital and a Delaware limited liability company with its principal place of business in New Providence, New Jersey.

4. Defendant Ready Capital Corporation ("**Defendant**") is a Michigan corporation with its principal place of business in Birmingham, Michigan.

5. Upon information and belief, Defendant operates a Ready Capital Corporation office located at 199 Pierce St., Birmingham, Michigan 48009.

6. Upon information and belief, Mark Backonen is the sole director and officer of Defendant.

## JURISDICTION AND VENUE

7. This is an action for federal trademark infringement and false designation of origin under the provisions of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, for deceptive trade practices under M.C.L. § 455.903, *et seq.*, and for trademark infringement under Michigan common law.

8. This Court has subject matter jurisdiction over the Lanham Act claims asserted in this Complaint under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

### Plaintiffs' READYCAP and READY CAPITAL Marks

10. A publicly traded mortgage real estate investment trust, Ready Capital is a non-bank, nationwide real-estate and small-business lender specializing in commercial-real-estate-backed loans. Ready Capital employs over 400 lending professionals, has provided over $3 billion in capital to investors and small businesses across the country, and has been traded on the New York Stock Exchange since November 1, 2016.

11. Formed in 2011 under the name Sutherland Asset Management Corporation, Ready Capital maintains three loan origination groups: ReadyCap Commercial, ReadyCap Lending, and Ready Capital Structured Finance. Since 2013, Ready Capital has provided financing nationwide through one or more of these groups under the READYCAP and/or READY CAPITAL marks (the "**Marks**").

12. ReadyCap Commercial ("**RCC**") was launched to provide long-term, secured debt financing nationwide on stabilized small-balance commercial real estate. RCC also is an approved Freddie Mac SBL Seller/Servicer, providing multifamily loans. RCC executed its first loan transaction in Dallas, Texas on March 11, 2013.

13. ReadyCap Lending ("**RCL**") was launched to provide secured and unsecured debt financing to small-business owners nationwide. RCL is an approved U.S. Small Business Administration ("**SBA**") lender that provides debt financing under the SBA 7(a) program. RCL executed its first loan transaction in Florida on March 31, 2015.

14. Ready Capital Structured Finance ("**RCSF**") was launched to provide short-term, non-recourse, secured debt financing nationwide on transitional, value-add and event-driven commercial and multifamily real estate. RCSF targets middle-market and institutional commercial real estate sponsors and can provide subordinate debt financing solutions. RCSF executed its first loan transaction in Anaheim, California, on July 6, 2015.

15. All of RCC, RCL, and RCSF were active in Michigan and/or the neighboring states of Indiana and Ohio in their early years, executing a total of 39 loan transactions in the three states in the years 2014–2016.

16. For many years, Ready Capital has made extensive and widespread use of its READYCAP Mark. Along with its other advertising and promotional materials, Ready Capital's primary website, rclending.com, prominently displayed the READYCAP Mark, at least until the launch of RCSF, often shown in the form of the READYCAP logo.

17. To protect their rights in the READYCAP Mark, Plaintiffs have obtained the following federal trademark registrations, all for *financial services, namely loan origination services*:

(a) on October 4, 2012, ReadyCap Commercial, LLC filed for the mark READYCAP COMMERCIAL, which application registered on November 26, 2013 (Reg. No. 4,441,292);

(b) on October 22, 2012, ReadyCap Commercial, LLC filed for the mark READYCAP COMMERCIAL, LLC, which application registered on February 11, 2014 (Reg. No. 4,482,243); and

(c) on March 30, 2016, ReadyCap Holdings, LLC filed for the mark READYCAP, which application registered on April 4, 2017 (Reg. No. 5,174,821).

18. Also, since at least the time of RCSF's launch, Ready Capital has made extensive and widespread use of its READY CAPITAL Mark. In its May 1, 2015 press release announcing the launch of RCSF's bridge lending platform, Ready Capital prominently displayed the READY CAPITAL composite mark at the head of the press release, combining the READY CAPITAL Mark with the separately registered waterfall logo of its external manager, Waterfall Asset Management, LLC.

5

19. In addition, since at least May 7, 2015, Ready Capital has featured on its primary website, rclending.com, the READY CAPITAL Mark, prominently displaying it at the top of the site and featuring associated READY CAPITAL branding. The homepage of the website stated, "Ready Capital is the real estate origination division of Sutherland Asset Management Corporation (Sutherland), a full-service real estate finance company managed by Waterfall Asset Management, that originates, manages, services and finances primarily commercial loans nationwide." The homepage then went on to identify RCSF, RCC, and RCL as the "READY CAPITAL LENDING DIVISIONS."

20. The READY CAPITAL Mark has long been and is today the house mark for all Ready Capital's lending activities. Illustrating the coast-to-coast nature of its business, Ready Capital made assumed, doing-business-as, or fictitious name filings for the Ready Capital name in South Dakota on April 16, 2015; New York on April 20, 2015; and California on April 21, 2015.

21. Since 2013, Ready Capital has routinely issued press releases under the Marks announcing major transactions, including in Michigan, and has also promoted the Marks through accounts on Twitter and Facebook.

22. To further protect its trademark rights, on January 20, 2017, Ready Capital filed a federal trademark application for the READY CAPITAL Mark for

*financial services, namely loan origination services*, which registered on April 10, 2018 (Reg. No. 5,444,430).

23. Building on its early success, on October 1, 2018, Sutherland Asset Management Corporation formally changed its name to Ready Capital Corporation, switched its primary website to readycapital.com, changed its trading symbol on the NYSE to "RC," and launched a comprehensive brand refresh under the READY CAPITAL Mark and  logo.

24. Plaintiffs have not authorized Defendant to use the Marks in any manner whatsoever.

## Defendant's Infringing Use of the Marks

25. Recently, one of Ready Capital's loan brokers relocated from California to Michigan and began working at 199 Pierce Street, Birmingham, Michigan 48009. Ready Capital's loan broker soon encountered Mark Backonen, President of Defendant Ready Capital Corporation, a Michigan company, located in the same building.

26. According to Defendant's website, it provides lending services in Michigan, including commercial real estate loans, bridge loans, and business loans, under the READY CAPITAL Mark. These services are in direct competition with those offered by Ready Capital under the Marks.

7

27. According to Defendant's website, its first loan transactions under the READY CAPITAL Mark occurred on or around March 2, 2017, when it executed transactions in Ontario, Canada; Grand Rapids, Michigan; and Lafayette, Indiana.

28. Defendant has used the READY CAPITAL Mark on its website at readycapitalmi.com and in various press releases, marketing itself as "Ready Capital Corporation: Michigan's Most Valuable Commercial Lender," and "Ready Capital Corporation, Michigan's Boutique Commercial Lender." Despite these Michigan claims, Defendant has announced transactions in neighboring states and territories on its website.

29. Defendant's website and press releases prominently display the READY CAPITAL Mark.

30. Defendant additionally runs social media sites under the READY CAPITAL Mark using the Twitter handle @readycapitalmi and a Facebook page, facebook.com/readycapitalmi.

31. A March 22, 2018 blog post on Defendant's website lists approximately 50 "recent closings" in Michigan, largely in the metropolitan Detroit area. The post claims that Defendant "receive[s] inquiries from Every major Real Estate Company and Bank in Michigan."

32. In September 2019, Ready Capital conducted lien searches for "Ready Capital" and variations of that term in the metropolitan Detroit area—including

Oakland, Wayne, Macomb, and St. Clair counties—and found no evidence of Defendant's claimed transactions.

33. Upon information and belief, Defendant has not in fact conducted any loan transactions in the metropolitan Detroit area.

34. A LinkedIn profile purporting to belong to Mark Backonen lists his past work experience as "Former Chairman of Birmingham Bancorp Mortgage." This corresponds with State of Michigan business filings identifying Mark Backonen as an incorporator and director of the Birmingham Bancorp Mortgage Company ("**Birmingham**").

35. In 2010, the Office of the Inspector General at the United States Department of Housing and Urban Development ("**HUD**") issued a memorandum on Birmingham recommending civil and administrative action for failing to properly underwrite Federal Housing Administration ("**FHA**") loans as an FHA direct endorsement lender. Published on July 21, 2010 on the HUD Inspector General's website, www.hudoig.gov, the memorandum cites nine Birmingham loans for which improper underwriting resulted in losses of $643,340 from FHA's insurance fund.

36. The Inspector General memorandum recommended that HUD (1) determine whether it could pursue remedies against Birmingham under the Program Fraud Civil Remedies Act of up to $1,354,180; and (2) take "appropriate

9

administrative action" against Birmingham and/or its principals for "material underwriting deficiencies."

37. Michigan business filings indicate Birmingham did not file annual reports following the HUD memorandum, and it was subsequently dissolved in 2013.

38. Ready Capital is concerned that Defendant, through its unauthorized use of the READY CAPITAL Mark, is misleading consumers and the general public to wrongly believe that there is an association between Ready Capital and Defendant and its principals.

39. To protect its rights the Marks, and to avoid litigation, Ready Capital reached out to Defendant repeatedly, both directly and through counsel, to explore options for avoiding trademark conflict in Michigan and neighboring Midwestern states. Defendant and its counsel repeatedly insisted it had superior rights in the READY CAPITAL Mark but refused to provide any details to support such a claim.

40. By using and continuing to use the READY CAPITAL Mark in connection with lending services, Defendant is willfully and intentionally trading upon the goodwill Ready Capital has developed in the Marks at considerable expense and effort. Defendant's unauthorized use of the Marks is likely to cause confusion and mistake among consumers as to the (a) source or origin of Ready

Capital's lending services and (b) non-existent affiliation between Defendant's operations and those of Ready Capital.

## COUNT I
### Infringement of a Registered Trademark
### (15 U.S.C. § 1114)

41. Plaintiffs reallege, as if fully set forth at this place, the allegations contained in paragraphs 1-40 above.

42. Defendant has used and continues to use in interstate commerce the READY CAPITAL Mark in connection with its lending services.

43. Defendant's unauthorized use of the READY CAPITAL Mark as alleged herein constitutes infringement of the registered Marks in violation of 15 U.S.C. § 1114. Defendant's use of the READY CAPITAL Mark in connection with the advertisement, offer to sell, and sale of its lending services is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship or approval of the parties' respective offerings, and/or as to the affiliation, connection or association between Defendant and/or its services and Plaintiffs and/or their services.

44. Defendant's infringement is knowing, deliberate, and willful.

45. As a direct and proximate result of Defendant's actions described herein, Plaintiffs have suffered, and will continue to suffer, irreparable injury to

their business, reputation, and goodwill, unless and until the Court enjoins Defendant's actions. Plaintiffs have no adequate remedy at law.

## COUNT II
## False Designation of Origin
## (15 U.S.C. § 1125(a))

46. Plaintiffs reallege, as if fully set forth at this place, the allegations contained in paragraphs 1–45 above.

47. Defendant has used and continues to use the READY CAPITAL Mark in interstate commerce and in connection with services Defendant distributes, advertises, offers for sale and/or sells, infringing the Marks in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiffs and/or as to the origin, sponsorship or approval of Defendant's services or commercial activities by Plaintiffs.

48. Plaintiffs believe they are and are likely to be damaged by these acts of false designation of origin by Defendant.

49. Defendant's unauthorized use of the READY CAPITAL Mark as alleged herein constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

50. No adequate remedy exists at law for the irreparable harm Defendant's acts of false designation of origin have caused and are causing

Plaintiffs. Plaintiffs are entitled to preliminary and permanent injunctive relief.

51. Defendant's acts of false designation of origin have been knowing, willful and in deliberate disregard of Plaintiffs' rights and of Defendant's obligations under federal law. Plaintiffs are entitled to a) Defendant's profits, b) any damages sustained by Plaintiffs, c) costs of the action, and d) enhanced damages under 15 U.S.C. § 1117(a).

52. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a). Plaintiffs should be awarded reasonable attorneys' fees herein.

## COUNT III
### Deceptive Trade Practices
### (M.C.L. § 455.903)

53. Plaintiffs reallege, as if fully set forth at this place, the allegations contained in paragraphs 1–52 above.

54. Defendant's unauthorized use of the READY CAPITAL Mark creates a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification by another in violation of M.C.L. § 455.903.

55. Defendant willfully engaged in the trade practice knowing it to be deceptive.

56. Defendant's unlawful conduct has caused and will continue to cause irreparable harm and other damages to Plaintiffs if Defendant's conduct is not enjoined.

57. As a result of Defendant's wrongful and knowing deceptive trade practices, Plaintiffs are entitled to an injunction, and to recover costs and reasonable attorneys' fees, pursuant to M.C.L. § 445.911.

## COUNT IV
## Common Law Trademark Infringement

58. Plaintiffs reallege, as if fully set forth at this place, the allegations contained in paragraphs 1–57 above.

59. Defendant's unauthorized use of the READY CAPITAL Mark in connection with lending services is likely to cause confusion and constitutes willful infringement of Plaintiffs' trademarks, in violation of Michigan common law.

60. Defendant's infringement is knowing, deliberate, and willful.

61. As a direct and proximate result of Defendant's actions described herein, Plaintiffs suffered, and will continue to suffer, irreparable injury to their business, reputation, and goodwill, unless and until the Court enjoins Defendant's actions. Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Preliminarily and permanently enjoin and restrain Defendant, its officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them who receive actual notice of the Court's order,

from using the READY CAPITAL Mark and any other name, mark or designation confusingly similar to the Marks.

2. Award Plaintiffs a monetary recovery consistent with 15 U.S.C. § 1117(a) in an amount to be proven at trial.

3. Enter judgment ordering Defendant to pay Plaintiffs all their reasonable taxable costs and attorneys' fees in this action in a sum and manner deemed appropriate by this Court pursuant to 15 U.S.C. § 1117(a), M.C.L. § 445.911 and/or other applicable law.

4. Any other relief this Honorable Court deems just and equitable.

## JURY DEMAND

Plaintiffs request a trial by jury on all claims and issues so triable.

Respectfully submitted,

FISHMAN STEWART PLLC

Dated: November 27, 2019

/s/ Douglas P. LaLone (P45751)
Douglas P. LaLone (P45751)
*Attorney for Plaintiff*
39533 Woodward Avenue, Ste. 140
Bloomfield Hills, MI  48304
Tel: (248) 594-0600
Fax: (248) 594-0610
dlalone@fishstewip.com