UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

READY CAPITAL CORPORATION,
a Maryland corporation, READYCAP
COMMERCIAL, LLC, a Delaware
Limited liability company, and
READYCAP HOLDINGS, LLC, a
Delaware limited liability company,

      Plaintiffs,

v.

READY CAPITAL CORPORATION,
a Michigan corporation,

      Defendant.

Case No. 2:19-cv-13536-BAF-EAS
Hon. David Lawson

| FISHMAN STEWART PLLC | ISHBIA & GAGLEARD, P.C. |
|---|---|
| Douglas P. LaLone (P45751) | David N. Zacks (P34192) |
| Attorneys for Plaintiffs | Philip Cwagenberg (P36246) |
| 800 Tower Dr., Suite 610 | Attorneys for Defendant |
| Troy, MI 48098-2843 | 251 E. Merrill, Suite 212 |
| (248) 594-0650 | Birmingham, MI 48009 |
| dlalone@fishstewip.com | (248) 647-8590/(248) 647-8596-fax |
| | dzacks@iglawfirm.com |
| | pc@iglawfirm.com |

## ANSWER TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant Ready Capital Corporation and for its Answer to Plaintiffs'

Complaint sets forth as follows:

### PARTIES

1. Answering said paragraph, Defendant neither admits nor denies the allegations contained

therein, as it lacks knowledge or information sufficient to form a belief about the truth of the

allegations contained therein, and Plaintiffs are left to their strict legal proofs.

2. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

3. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

4. Answering said paragraph, Defendant admits the allegations contained therein as true.

5. Answering said paragraph, Defendant admits the allegations contained therein as true.

6. Answering said paragraph, Defendant admits the allegations contained therein as true.

## JURISDICTION AND VENUE

7. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as the same are not allegations asserted against the Defendant, but rather are allegations regarding the contents of the Plaintiffs' Complaint, and the Plaintiffs are left to their strict legal proofs.

8. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as the same are not allegations asserted against the Defendant, but rather are allegations containing legal conclusions, and the Plaintiffs are left to their strict legal proofs.

9. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as the same are not allegations asserted against the Defendant, but rather are allegations containing legal conclusions, and the Plaintiffs are left to their strict legal proofs.

## GENERAL ALLEGATIONS

### "Plaintiffs' READYCAP and READY CAPITAL Marks"

10. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

11. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

12. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

13. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

14. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

15. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

16. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

17. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

    a.   Answering said paragraph, Defendant admits that the records of the U.S. Patent and Trademark Office ([www.uspto.gov](www.uspto.gov)) reflects the information alleged by the Plaintiffs, but lack information regarding the truth and/or accuracy of the information contained therein, and Plaintiffs are left to their strict legal proofs.

    b.   Answering said paragraph, Defendant admits that the records of the U.S. Patent and Trademark Office ([www.uspto.gov](www.uspto.gov)) reflects the information alleged by the Plaintiffs, but lack information regarding the truth and/or accuracy of the information contained therein, and Plaintiffs are left to their strict legal proofs.

    c.   Answering said paragraph, Defendant admits that the records of the U.S. Patent and Trademark Office ([www.uspto.gov](www.uspto.gov)) reflects the information alleged by the Plaintiffs, but lack information regarding the truth and/or accuracy of the information contained therein, and Plaintiffs are left to their strict legal proofs.

18. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

19. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

20. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

21. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

22. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant denies the allegations contained therein in the manner and form alleged, as the records of the U.S. Patent and Trademark Office (www.uspto.gov) do not corroborate the information in the manner and form alleged, and Plaintiffs are left to their strict legal proofs.

23. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

24. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant denies, as untrue, any insinuation that it has used any trademark, other than its own common law trademark for Ready Capital, and Plaintiffs are left to their strict legal proofs.

### Defendant's Infringing Use of The Marks

25. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant asserts that Andrew Simon, a Vice President for Plaintiffs, affirmatively reached out to rent space within Defendant's suite of offices upon the claimed reason that he was relocating to the area, notwithstanding that he paid rent with a check drawn on a local Royal Oak, MI business that he owned and/or controlled.

26. Answering said paragraph, Defendant admits that its websites states: "Ready Capital Corporation is a single family office with over 30 years of experience in providing timely and innovative capital solutions to businesses. We offer many Loan Products to many types and sizes of businesses. As a direct lender, underwriter, and investor, we perform a wide spectrum of services in Michigan. Ready Capital collaborates with CPAs, attorneys, trustees, work-out experts, banks, and other trusted advisers to provide timely capital for their clients." Further answering said paragraph, Defendants denies the allegations contained therein as untrue and leaves Plaintiffs to their strict legal proofs.  Further answering said paragraph, Defendant neither admits nor denies the allegations contained therein, with regard to the assertion that "These services are in direct competition with those offered by Ready Capital under the Marks" as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

27. Answering said paragraph, Defendants denies the allegations contained therein as untrue and leaves Plaintiffs to their strict legal proofs. Further answering said paragraph, Defendant asserts that at no time did it claim, on the website referenced, that the transactions identified were its "first loan transactions" and Plaintiffs are left to their strict legal proofs.

28. Answering said paragraph, Defendant admits the allegations contained therein as true. Further answering said paragraph, Defendant asserts that at no time did it claim that its business pursuits were exclusive to the state of Michigan, and Plaintiffs are left to their strict legal proofs.

29. Answering said paragraph, Defendant admits that its website and press releases prominently display its Ready Capital common law trademark, and Plaintiffs are left to their strict legal proofs.

30. Answering said paragraph, Defendant admits the allegations contained therein as true.

31. Answering said paragraph, Defendant denies the allegations contained therein, in the manner and form alleged, and leaves the Plaintiffs to their strict legal proofs.  Further answering said paragraph, Defendant affirmatively states that the blogpost referenced is reproduced below, and that the Plaintiffs are left to their strict legal proofs.



## READY CAPITAL CORPORATION
Direct Lender – Providing Low Documentation Commercial Mortgages in Michigan

### Recent Closings:

$1.6 Million finance company Line of Credit – Bloomfield Hills, MI ● 90,000 sq. ft. New Baltimore, MI Shopping Center Bridge Refinance

Financing for the assemblage of 8 farms ● Ferndale, MI Manufacturer and Distribution- mortgage ● 50,000 sq. ft. distressed shopping center – Kentwood, MI

Walled Lake, MI Waterfront Residential Investment Financing ● Hamtramck, MI mixed use - mortgage ● Commercial Mortgage on 29 Acres in Warren, MI

Residential Condo Investment Financing – Bloomfield Hills, MI ● Downtown Birmingham, MI retail/office mortgage ● Multi-Family mortgage – Highland, MI

Refinance of Surgical/Medical facility – Clinton Twp., MI ● Sports Bar mortgage – Downtown Ann Arbor, MI ● Milford, MI Vacant Land mortgage

Investor Purchase mortgage of office on Northwestern Highway– Southfield, MI ● Vacant Retail Inkster, MI ● Algonac, MI Vacant Retail

83,000 sq. ft. Jefferson debt restructure – Detroit, MI ● Bloomfield Hills, MI Research Park mortgage ● Industrial Land mortgage- Auburn Hills, MI

Medical Rehabilitation facility mortgage – Utica, MI ● Vacant Land mortgage – Birmingham, MI ● Development land – Birmingham, MI

### We receive inquiries from Every major Real Estate Company and Bank in Michigan

Retail mortgage in Downtown Royal Oak, MI ● Vacant Sports Bar- Wayne, MI ● Grosse Ile, MI mixed use ● Belleville, MI Ice Cream Store

Restaurant/ Bar mortgage – Pontiac, MI ● Development of Livonia, MI shopping center ● Mixed Use mortgage in Downtown Royal Oak, MI

Vacant Retail Mortgage on Telegraph rd. – Southfield, MI ● Refinance of Yale, MI apartment ● Algonac, MI multi-family mortgage

200,000 sq. ft. Industrial River Rouge, MI- mortgage ● Office on Woodward Ave- Downtown Ferndale, MI ● Restaurant/ Bar in Chesaning, MI

Equity for apartment complex development –Ann Arbor, MI ● Torch Lake, MI Development Financing ● Bloomfield Hills, MI Fix and Flip condos mortgage

Birmingham, Bloomfield, Franklin Village, MI residential investor rentals ● Investor Residential renovation Mortgage- Bloomfield Hills, MI

Refinance of Farmington Hills, MI residential investment mortgage ● Swartz Creek, MI Renovation financing ● Bloomfield Hills, MI redemption financing

Bloomfield Hills, MI redemption financing ● Renovation financing on St. Clair Shores waterfront property ● Cheboygan, MI waterfront development

WWW. READYCAPITALMI.COM
800-227-5399

32. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs.

33. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs. Further answering

said paragraph, Defendant affirmatively states that in its business model loans are closed in the names of the lenders, and not it in its name.

34. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as the same are not allegations asserted against the Defendant, and Defendant states that neither Mark Backonen, nor Birmingham Bancorp Mortgage, are parties to this action and that the Plaintiffs are left to their strict legal proofs.

35. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as the same are not allegations asserted against the Defendant, and Defendant states that neither Mark Backonen, nor Birmingham Bancorp Mortgage, are parties to this action and that the Plaintiffs are left to their strict legal proofs.

36. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as the same are not allegations asserted against the Defendant, and Defendant states that neither Mark Backonen, nor Birmingham Bancorp Mortgage, are parties to this action and that the Plaintiffs are left to their strict legal proofs.

37. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as it lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant neither admits nor denies the allegations contained therein, as the same are not allegations asserted against the Defendant, and Defendant states that neither Mark Backonen, nor Birmingham Bancorp Mortgage, are parties to this action and that the Plaintiffs are left to their strict legal proofs.

38. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs.

39. Answering said paragraph, Defendant denies the allegations contained therein as untrue, in the manner and form alleged, and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs.

40. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs.

## COUNT I
### Infringement of a Registered Trademark
#### (15 U.S.C. §1114)

41. Defendant repeats and realleges paragraphs one through forty, inclusive, as if fully set forth herein.

42. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs.

43. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs.

44. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs.

45. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs.

## COUNT II
### False Designation of Origin
(15 U.S.C. §1125(a))

46. Defendant repeats and realleges paragraphs one through forty-five, inclusive, as if fully set forth herein.

47. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs.

48. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs.

49. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs.

50. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein as the same call for a legal conclusion, and the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs.

51. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph,

Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs.

52. Answering said paragraph, Defendant neither admits nor denies the allegations contained therein as the same call for a legal conclusion, and the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs.

## COUNT III
### Deceptive Trade Practices
(M.C.L. § 455.903)

53. Defendant repeats and realleges paragraphs one through fifty-two, inclusive, as if fully set forth herein.

54. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant asserts that, upon information and belief, that Plaintiff Ready Capital is not qualified to do business in Michigan and may not assert the claim made.

55. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the

Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant asserts that, upon information and belief, that Plaintiff Ready Capital is not qualified to do business in Michigan and may not assert the claim made.

56. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant asserts that, upon information and belief, that Plaintiff Ready Capital is not qualified to do business in Michigan and may not assert the claim made.

57. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant asserts that, upon information and belief, that Plaintiff Ready Capital is not qualified to do business in Michigan and may not assert the claim made.

## COUNT IV
### Common Law Trademark Infringement

58. Defendant repeats and realleges paragraphs one through fifty-seven, inclusive, as if fully set forth herein.

59. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph,

Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant asserts that, upon information and belief, that Plaintiff Ready Capital is not qualified to do business in Michigan and may not assert the claim made.

60. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant asserts that, upon information and belief, that Plaintiff Ready Capital is not qualified to do business in Michigan and may not assert the claim made.

61. Answering said paragraph, Defendant denies the allegations contained therein as untrue and that the Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant states that on several occasions Plaintiffs CFO, Rick Herbst, admitted that the Defendant had a common law trademark in the name Ready Capital, and Plaintiffs are left to their strict legal proofs. Further answering said paragraph, Defendant asserts that, upon information and belief, that Plaintiff Ready Capital is not qualified to do business in Michigan and may not assert the claim made.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays this Honorable Court enter a judgment in its favor, and against the Plaintiffs, and provide such other relief as may be appropriate.

Respectfully submitted,

**ISHBIA & GAGLEARD, P.C.**

/s/ Philip Cwagenberg
David N. Zacks (P34192)
Philip Cwagenberg (P36246)
Attorneys for Defendant
251 E. Merrill, Suite 212
Birmingham, MI 48009
(248) 647-8590/(248) 647-8596-fax
dzacks@iglawfirm.com
Dated: March 10, 2020                    pc@iglawfirm.com
f:\ready capital\pleadings\complaint and summons\answer and affirmative defenses\answer and affirmative defenses.docx

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

READY CAPITAL CORPORATION,
a Maryland corporation, READYCAP
COMMERCIAL, LLC, a Delaware
Limited liability company, and
READYCAP HOLDINGS, LLC, a
Delaware limited liability company,

      Plaintiffs,

                                  Case No. 2:19-cv-13536-BAF-EAS

v.                                    Hon. David Lawson

READY CAPITAL CORPORATION,
a Michigan corporation,

      Defendant.

| **FISHMAN STEWART PLLC** | **ISHBIA & GAGLEARD, P.C.** |
|---|---|
| Douglas P. LaLone (P45751) | David N. Zacks (P34192) |
| Attorneys for Plaintiffs | Philip Cwagenberg (P36246) |
| 800 Tower Dr., Suite 610 | Attorneys for Defendant |
| Troy, MI 48098-2843 | 251 E. Merrill, Suite 212 |
| (248) 594-0650 | Birmingham, MI 48009 |
| dlalone@fishstewip.com | (248) 647-8590/(248) 647-8596-fax |
| | dzacks@iglawfirm.com |
| | pc@iglawfirm.com |

## AFFIRMATIVE DEFENSES

    NOW COMES Defendant Ready Capital Corporation and for its Affirmative Defenses

forth as follows:

    1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

    2. Plaintiffs' claims are barred, in whole and/or in part, by the doctrine/rule of Laches.

    3. Plaintiffs' claims are barred, in whole and/or in part, by the doctrines/rules of Estoppel

and/or Acquiescence and/or Waiver.

    4. Plaintiffs' claims are barred, in whole and/or in part, by the doctrine/rule of Unclean Hands.

5. Plaintiffs' claims are barred, in whole and/or in part, because any infringement, if any – and the existence of any is denied, was innocent and/or not actionable as a matter of law.

6. Plaintiffs' claims are barred, in whole and/or in part, by the doctrine/rule of the applicable Statute(s) of Limitations.

7. Plaintiffs' claims are barred, in whole and/or in part, as Defendant established, as admitted to by Rick Herbst, Plaintiffs CFO, a Common Law trademark to the name "Ready Capital".

8. Plaintiffs' claims are barred, in whole and/or in part, by the doctrine/rule that some or all marks at issue are generic and/or lack secondary meaning.

9. Plaintiffs' claims are barred, in whole and/or in part, because Plaintiffs' damages, if any – and the existence of which is denied, were not caused by Defendant.

10. Plaintiffs' claims for injunctive relief are barred, in whole and/or in part, because Plaintiffs cannot show that they will suffer any irreparable harm from Defendant's actions.

11. Plaintiffs' claims for injunctive relief are barred, in whole and/or in part, because the alleged injury or damage suffered by Plaintiffs, if any and the existence of which is denied, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

12. Plaintiffs' claims are barred, in whole and/or in part, by reason of Plaintiffs' failure to mitigate damages, if such damages exist - and the existence of which is denied.

13. Plaintiffs' claims are barred, in whole and/or in part, by reason of Plaintiffs' fraud on the United States Patent & Trademark Office.

14. Plaintiffs' claims are barred, in whole and/or in part, as Defendant has not infringed any applicable trademarks under federal or state law.

15. Defendant reserves the right to amend and/or supplement these Affirmative Defenses.

Respectfully submitted,

**ISHBIA & GAGLEARD, P.C.**

/s/ Philip Cwagenberg
David N. Zacks (P34192)
Philip Cwagenberg (P36246)
Attorneys for Defendant
251 E. Merrill, Suite 212
Birmingham, MI 48009
(248) 647-8590/(248) 647-8596-fax
dzacks@iglawfirm.com
Dated: March 10, 2020          pc@iglawfirm.com
f:\ready capital\pleadings\complaint and summons\answer and affirmative defenses\affirmative defenses 03102020.docx

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

READY CAPITAL CORPORATION,
a Maryland corporation, READYCAP
COMMERCIAL, LLC, a Delaware
Limited liability company, and
READYCAP HOLDINGS, LLC, a
Delaware limited liability company,

     Plaintiffs/Counter-Defendants,

v.

READY CAPITAL CORPORATION,
a Michigan corporation,

     Defendant/Counter-Plaintiff

Case No. 2:19-cv-13536-BAF-EAS
Hon. David Lawson

| FISHMAN STEWART PLLC | ISHBIA & GAGLEARD, P.C. |
|---|---|
| Douglas P. LaLone (P45751) | David N. Zacks (P34192) |
| Attorneys for Plaintiffs/Counter-Defendants | Philip Cwagenberg (P36246) |
| 800 Tower Dr., Suite 610 | Attorneys for Defendant/Counter-Plaintiff |
| Troy, MI 48098-2843 | 251 E. Merrill, Suite 212 |
| (248) 594-0650 | Birmingham, MI 48009 |
| dlalone@fishstewip.com | (248) 647-8590/(248) 647-8596-fax |
| | dzacks@iglawfirm.com |
| | pc@iglawfirm.com |

## COUNTER CLAIM

NOW COMES Defendant/Counter-Plaintiff Ready Capital Corporation and for its Counter

Claim against Plaintiff/Counter-Defendants, and sets forth as follows:

### PARTIES

1. Defendant/Counter-Plaintiff is a Michigan corporation with its principle place of business

located in Birmingham, MI.

2. Upon information and belief Plaintiff/Counter-Defendant is a Maryland corporation with

its principle place of business in New York, New York.

3. Upon information and belief Plaintiff/Counter-Defendant ReadyCap Commercial, LLC is a Delaware limited liability company with its principle place of business in Berkeley Heights, New Jersey.

4. Upon information and belief Plaintiff/Counter-Defendant ReadyCap Holdings, LLC is a Delaware limited liability company with its principle place of business in New Providence, New Jersey.

## JURISDICTION AND VENUE

5. This is an action for federal trademark infringement and false designation of origin under the provisions of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, for deceptive trade practices under M.C.L. § 455.903, *et seq.*, and for trademark infringement under Michigan common law. Further, in this Counter Claim the relief requested includes a declaratory judgment of non-infringement and for entry of an order directing the United States Patent and Trademark Office (the "USPTO") to cancel the plaintiff's claimed marks brought pursuant to 15 U.S.C. § 1115(b)(1) and (5), 28 U.S.C. § 2201, and Fed. R. Civ. P. 57.

6. This Court has subject matter jurisdiction over the Lanham Act claims asserted in this Counter Claim under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a), and has jurisdiction over the state law claims pursuant to 28 U.S.C. §§1338(b) and 1367.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## GENERAL ALLEGATIONS

8. This matter concerns the Defendant's/Counter-Plaintiff's use of the business name "Ready Capital Corporation", which it has used since it incorporated and went into business on September

2

Case 2:19-cv-13536-DML-EAS   ECF No. 20, PageID.375   Filed 03/10/20   Page 21 of 30

9, 2015, for which it has obtained a Common Law Trademark in the name "Ready Capital" before the Plaintiffs' claimed first use anywhere of the name "Ready Capital".

9. Defendant/Counter-Plaintiff, since it was formed, maintained a single office in Birmingham, MI, and provides a number of different types of business loans, including: Bridge Loans, No Documentation Commercial Loans, Business Loans, Hard / Soft Money Loans, Commercial Mortgages, Commercial Real Estate Loans, and Note Purchase Loans.

10. Since September 9, 2015, Defendant/Counter-Plaintiff has continuously used its "Ready Capital" Common Law word mark in interstate commerce in connection with its lending services in Michigan and Indiana, and marketing in the Midwest area of the United States, thus it acquired rights in the Common Law word mark and gained great recognition for such use.

11. Since September 9, 2015, Defendant/Counter-Plaintiff has expended significant sums of money, energy, time and resources developing, marketing and preserving the image and identity of its "Ready Capital" Common Law word mark.

12. Notwithstanding Defendant/Counter-Plaintiff's rights to the exclusive use of the "Ready Capital" Common Law word mark in its territories, upon information and belief one, or more, of the Plaintiffs/Counter-Defendants, did market lending services and/or consummated loan transactions, all-the-while using Defendant/Counter-Plaintiff's Common Law word mark, in Defendant/Counter-Plaintiff's territory, without license and authorization to do so, including the following identified on Plaintiffs/Counter-Defendants website:

   a. Carleton, MI – Small Business Insurance Agency, $2,169,100 – 10 Year Term;

   b. Warren, MI – Small Business Liquor Store, $661,000 – 25 Year Term;

   c. Portage, MI – Purchase – Freddie SBL – Multifamily – $1,443,000 - 10 Year Term

   d. Clarkesville, IN – Cash-Out Refinance – Freddie SBL – Multifamily - $1,208,000 – 10 Year Term;

3

e.  Sellersburg, IN – Purchase – Fixed Rate – Multifamily - $1,570,000 – 10 Year Term;

f.  Indianapolis, IN – Cash-Out Refinance – Freddie SBL – Multifamily - $2,500,000 – 20 Year Term;

g.  Indianapolis, IN – Cash-Out Refinance – Bridge – Retail - $1,300,000 – 2 Year Term;

h.  Westland, MI – Cash-Out Refinance – Freddie SBL – Multifamily - $2,500,000 – 20 Year Term;

i.  Roseville, MI – Cash-Out Refinance – Freddie SBL – Multifamily - $1,525,000 – 10 Year Term;

j.  Lincoln Park, MI – Cash-Out Refinance – Freddie SBL – Multifamily - $1,000,000 – 10 Year Term;

k.  Detroit, MI – Cash-Out Refinance – Freddie SBL – Multifamily - $930,000 – 10 Year Term;

l.  Livonia, MI – Rate/Term Refinance – Bridge – Retail - $8,930,000 – 3 Year Term;

m.  Belleville, MI – Purchase – Bridge – Industrial - $5,825,000 – 2 Year Term;

13. Further, on two (2) occasions persons associated with Plaintiffs/Counter-Defendants, Andrew Simon and Mark Blaha, did represent that Plaintiffs/Counter-Defendants were not involved in any business transactions in the state of Michigan.

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

14. Defendant/Counter-Plaintiff repeats and realleges paragraphs one through thirteen, inclusive, as if fully set forth herein.

15. Pursuant to 28 U.S.C. § 2201, and Fed. R. Civ. P. 57, this Court is authorized to issue a Declaratory Judgment finding that the Defendant/Counter-Plaintiff did not infringe on any trademark(s) of the Plaintiffs/Counter-Defendants.

4

16. Since Defendant/Counter-Plaintiff was a prior, good faith, continuous user of the "Ready Capital" name, well before Plaintiffs'/Counter-Defendants' alleged first use in commerce, on 11-00-2015, this Honorable Court must enter its Declaratory Judgment of non-infringement in favor of Defendant/Counter-Plaintiff and delineate a reasonable geographic area in which Defendant/Counter-Plaintiff can continue to operate under that name, pursuant to 15 U.S.C. § 1115(b)(5).

**WHEREFORE**, Defendant/Counter-Plaintiff prays that this Honorable Court issues a Declaratory Judgment declaring that this Defendant/Counter-Plaintiff owns and possesses a Common Law trademark in the name "Ready Capital" and that it did not infringe upon any marks claimed by any of the Plaintiffs/Counter-Defendants, and provide such other relief as may be appropriate.

### COUNT II
### CANCELLATION OF PLAINTIFFS'/COUNTER-DEFENDANTS' CLAIMED "READY CAPITAL" MARK

17. Defendant/Counter-Plaintiff repeats and realleges paragraphs one through sixteen, inclusive, as if fully set forth herein.

18. In the application to the USPTO, for the "Ready Capital" trademark, Plaintiffs'/Counter-Defendants', through an authorized representative made the following representation:

**"Declaration**

☑ **If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application; and
- The facts set forth in the application are true.

**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce on or in connection with the goods/services in the application; and
- The facts set forth in the application are true.

☑ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☑ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☑ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true.

**Declaration Signature**
Signature: /Frederick C. Herbst/ Date: 01/20/2017
Signatory's Name: Frederick C. Herbst
Signatory's Position: Chief Financial Officer
Payment Sale Number: 87308059
Payment Accounting Date: 01/23/2017"

19. A simple Internet search prior to the January 20, 2017 execution and submission of the Plaintiffs'/Counter-Defendants' application for the claimed "Ready Capital" mark would have located the Defendant's/Counter-Plaintiff's website, www.readycapitalmi.com, and information related to the Defendant's/Counter-Plaintiff's prior use in commerce of the "Ready Capital" name.

20. In its application to the USPTO Plaintiffs'/Counter-Defendants' claimed that there was no other entity using a name similar to the mark it was applying for that would cause confusion.

21. The above representation in the Plaintiffs'/Counter-Defendants' application to the USPTO was a material misrepresentation.

**22.** Since Plaintiffs'/Counter-Defendants' acquired its claimed trademark, Registration No. 5,444,430, through fraud, misrepresentation, or pursuant to the withholding of relevant and material information from the USPTO in connection with the application for registration, this Court should order a cancellation of Plaintiffs'/Counter-Defendants' claimed mark and enter an order requiring the USPTO to do so.

**WHEREFORE,** Defendant/Counter-Plaintiff prays that this Honorable Court enter its Order requiring the USPTO to cancel Registration No. 5,444,430, and provide such other relief as may be appropriate.

### COUNT III
### False Designation of Origin
### (15 U.S.C. § 1125(a))

23. Defendant/Counter-Plaintiff repeats and realleges paragraphs one through twenty-three, inclusive, as if fully set forth herein.

24. Plaintiffs/Counter-Defendants have used and continue to use the "Ready Capital" word mark in interstate commerce and in connection with services they distribute, advertise, offer for sale and/or sell, infringing the Defendant's/Counter-Plaintiff's "Ready Capital" Common Law word mark in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Plaintiffs/Counter-Defendants with Defendant/Counter-Plaintiff and/or as to the origin, sponsorship or approval of Plaintiffs'/Counter-Defendants' services with commercial activities by Defendant/Counter-Plaintiff.

25. Defendant/Counter-Plaintiff believes that it has been and is further likely to be damaged by these acts of false designation of origin by Plaintiffs/Counter-Defendants.

26. Plaintiffs'/Counter-Defendants' unauthorized use of the word mark as alleged herein constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

27. No adequate remedy exists at law for the irreparable harm Plaintiffs'/Counter-Defendants' acts of false designation of origin have caused and is causing Defendant/Counter-Plaintiff. Defendant/Counter-Plaintiff is entitled to preliminary and permanent injunctive relief.

28. Plaintiffs'/Counter-Defendants' acts of false designation of origin have been knowing, willful and in deliberate disregard of Defendant's/Counter-Plaintiff's rights and of

Plaintiffs'/Counter-Defendants' obligations under federal law. Defendant/Counter-Plaintiff is entitled to (a) Plaintiffs'/Counter-Defendants' profits derived from their transactions within Defendant's/Counter-Plaintiff's protected territory; (b) any damages sustained by Defendant/Counter-Plaintiff; (c) legal fees and expense related to this action; and, (d) enhanced damages under 15 U.S.C. § 1117(a).

29. This is an exceptional case within the meaning of 15 U.S.C. § 1117(a). Defendant/Counter-Plaintiff should be awarded reasonable attorneys' fees herein.

**WHEREFORE**, Defendant/Counter-Plaintiff pray that this Honorable Court, as necessary and appropriate:

a. Preliminarily and permanently enjoin and restrain Plaintiffs/Counter-Defendants, and their officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them who receive actual notice of the Court's order, from using the Defendant's/Counter-Plaintiff's Ready Capital Common Law mark, and any other name, mark or designation confusingly similar to the same, in Defendant's/Counter-Plaintiff's geographic territory;

b. Award Defendant/Counter-Plaintiff damages consistent with 15 U.S.C. § 1117(a) and attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a), M.C.L. § 445.911 and/or other applicable law.

c. Any other relief this Honorable Court deems just and equitable.

## COUNT IV
### Deceptive Trade Practices (M.C.L. § 455.903)

30. Defendant/Counter-Plaintiff repeats and realleges paragraphs one through twenty-nine, inclusive, as if fully set forth herein.

31. Plaintiffs'/Counter-Defendants' unauthorized use of Defendant's/Counter-Plaintiff's "Ready Capital" Common Law mark creates a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification by another in violation of M.C.L. § 455.903.

32. Plaintiffs'/Counter-Defendants' willfully engaged in the trade practice knowing it to be deceptive.

33. Plaintiffs'/Counter-Defendants' unlawful conduct has caused and will continue to cause irreparable harm and other damages to Defendant/Counter-Plaintiff if Plaintiffs'/Counter-Defendants' conduct is not enjoined.

34. As a result of Plaintiffs'/Counter-Defendants' wrongful and knowing deceptive trade practices, Defendant/Counter-Plaintiff is entitled to an injunction, and to recover costs and reasonable attorneys' fees, pursuant to M.C.L. § 445.911.

**WHEREFORE,** Defendant/Counter-Plaintiff pray that this Honorable Court, as necessary and appropriate:

a. Preliminarily and permanently enjoin and restrain Plaintiffs/Counter-Defendants, and their officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them who receive actual notice of the Court's order, from using the Defendant's/Counter-Plaintiff's Ready Capital Common Law mark, and any other name, mark or designation confusingly similar to the same, in Defendant's/Counter-Plaintiff's geographic territory;

b. Award Defendant/Counter-Plaintiff damages in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, and attorneys' fees and costs pursuant to M.C.L. § 445.911 and/or other applicable law.

c. Any other relief this Honorable Court deems just and equitable.

### COUNT V
### Common Law Trademark Infringement

35. Defendant/Counter-Plaintiff repeats and realleges paragraphs one through thirty-four, inclusive, as if fully set forth herein.

36. Plaintiffs'/Counter-Defendants' unauthorized use of Defendant's/Counter-Plaintiff's "Ready Capital" Common Law mark in connection with lending services is likely to cause

9

confusion and constitutes willful infringement of Defendant's/Counter-Plaintiff's trademarks, in violation of Michigan common law.

37. Plaintiffs'/Counter-Defendants' infringement is knowing, deliberate, and willful.

38. As a direct and proximate result of Plaintiffs'/Counter-Defendants' actions described herein, Defendant/Counter-Plaintiff suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until the Court enjoins Plaintiffs'/Counter-Defendants' actions. Defendant/Counter-Plaintiff has no adequate remedy at law.

**WHEREFORE**, Defendant/Counter-Plaintiff pray that this Honorable Court, as necessary and appropriate:

a.  Preliminarily and permanently enjoin and restrain Plaintiffs/Counter-Defendants, and their officers, agents, servants, employees and attorneys, and any other person in active concert or participation with them who receive actual notice of the Court's order, from using the Defendant's/Counter-Plaintiff's Ready Capital Common Law mark, and any other name, mark or designation confusingly similar to the same, in Defendant's/Counter-Plaintiff's geographic territory;

b.  Award Defendant/Counter-Plaintiff damages in an amount in excess of Seventy Five Thousand ($75,000.00) Dollars, and attorneys' fees and costs pursuant to M.C.L. § 445.911 and/or other applicable law.

c.  Any other relief this Honorable Court deems just and equitable.

Respectfully submitted,

ISHBIA & GAGLEARD, P.C.

/s/ Philip Cwagenberg
David N. Zacks (P34192)
Philip Cwagenberg (P36246)
Attorneys for Defendant
251 E. Merrill, Suite 212
Birmingham, MI 48009
(248) 647-8590/(248) 647-8596-fax
dzacks@iglawfirm.com
Dated: March 10, 2020                     pc@iglawfirm.com
f:\ready capital\pleadings\complaint and summons\counterclaim\counterclaim 03102020.docx

## RELIANCE UPON JURY DEMAND

Defendant/Counter-Plaintiff relies upon, and incorporates by reference, the Jury Demand heretofore filed in this matter by the Plaintiffs.

Respectfully submitted,

ISHBIA & GAGLEARD, P.C.

/s/ Philip Cwagenberg
David N. Zacks (P34192)
Philip Cwagenberg (P36246)
Attorneys for Defendant
251 E. Merrill, Suite 212
Birmingham, MI 48009
(248) 647-8590/(248) 647-8596-fax
dzacks@iglawfirm.com
pc@iglawfirm.com

Dated: March 10, 2020

f:\ready capital\pleadings\complaint and summons\counterclaim\counterclaim 03102020.docx

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| READY CAPITAL CORPORATION, a Maryland corporation, READYCAP COMMERCIAL, LLC, a Delaware limited liability company, and READYCAP HOLDINGS, LLC, a Delaware limited liability company, | Case No. 19-cv-13436 |
| Plaintiffs, | **Defendant's 1st Interrogatories to Plaintiffs** |
| vs. | |
| READY CAPITAL CORPORATION, a Michigan corporation, | |
| Defendant. | |

## PROOF OF SERVICE

The undersigned certifies that on March 10, 2020, a copy of the Answer to Plaintiffs' Complaint, Affirmative Defenses, Counter Claim, Reliance Upon Jury Demand, and this Proof of Service were served upon Douglas P. LaLone, Esq., via the Court's mandatory efiling system through ECF/Pacer.

I declare that the statements above are true to the best of my information, knowledge and belief.

*/s/ Beth Huffman Hall*
Beth Huffman Hall

Dated: March 10, 2020

f:\ready capital\pleadings\complaint and summons\answer and affirmative defenses\pos re answer - affirmative defenses.docx

1