UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

READY CAPITAL CORPORATION,
READYCAP COMMERCIAL, LLC,
and READYCAP HOLDINGS, LLC,

                Plaintiffs,                Case Number 19-13536

v.                                                Honorable David M. Lawson

READY CAPITAL CORPORATION,

                Defendant.

_____/

## OPINION AND ORDER DENYING MOTION TO DISMISS COMPLAINT

One of the plaintiffs and the defendant each are engaged in the commercial lending business, operating under identical brands. It was inevitable, therefore, that one would sue the other for trademark infringement. And equally predictable are the competing claims for first use of the mark. In their complaint, the plaintiffs make that claim. The defendant has come up with evidence that contradicts it, and it has put forth that evidence in support of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). But that evidence does not undermine the soundness of the complaint itself, which contains sufficient factual allegations to state a claim for which relief can be granted. Because the defendant's Rule 12(b)(6) motion is baseless, it will be denied.

I.

According to the complaint, plaintiff Ready Capital Corporation is a private lender formed in 2011 that operates nationally, along with several affiliates, providing commercial real estate loans. The plaintiff and its affiliates issued 39 loans within Michigan and in neighboring states between 2014 and 2016. They have a registered mark, "ReadyCap," and an associated logo that

are registered for use relating to "financial services" and "loan origination services." The plaintiffs also have registered and used the mark "Ready Capital" with an associated logo.

When one of the plaintiffs' lending agents recently relocated to Michigan, he encountered the defendant, which had branded itself "Ready Capital" and was advertising its services as a broker for commercial loans, "bridge loans," and business loans. The defendant uses its mark on an internet website and several social media venues. The defendant's website indicates that it began operations under the Ready Capital brand in 2017. The plaintiff, however, alleged in its complaint that it began using its marks in 2013.

The plaintiffs filed their four-count complaint on November 27, 2019, pleading infringement of a registered trademark (Count I), false designation of origin (Count II), both under the Lanham Act, deceptive trade practices (Count III), and common law trademark infringement, the latter two counts under Michigan law (Count IV).

The defendant filed a motion to dismiss in place of an answer to the complaint. It argues that the complaint fails to state a plausible claim for relief because extrinsic documents that it retrieved from its own trademark research revealed that on a trademark registration application, the plaintiffs asserted that use of the marks began "at least as early as 11/00/2015 [sic]," and, therefore, the plaintiffs have "admitted" that the use of its marks commenced after the defendant's own first use in October 2015. The defendant also contends, again relying on extrinsic documents, that plaintiff Ready Cap Holdings, LLC has no viable claim because it "assigned its interest" in any "Ready Capital" marks to fellow plaintiff Ready Capital Corporation. The defendant also asserts that it has "never used" any "ReadyCap" mark in commerce.

II.

As noted above, the defendant filed its motion to dismiss under Rule 12(b)(6), and it attached 263 pages of exhibits. To survive a motion to dismiss under Rule 12(b)(6) though, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). When reviewing the motion, the Court "must 'construe the complaint in the light most favorable to the plaintiff[] [and] accept all well-pleaded factual allegations as true.'" *Id.* at 951 (quoting *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017)).

When deciding a motion under Rule 12(b)(6), the Court looks only to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). But the Court also may consider the documents attached to them, *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)), documents referenced in the pleadings that are "integral to the claims," *id.* at 335-36, documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002), and matters of public record, *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010); *see also Cates v. Crystal Clear Tech., LLC*, 874 F.3d 530, 536 (6th Cir. 2017) (instructing that "'[w]hen a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations.'") (quoting *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012)). However, beyond that, assessment of the facial sufficiency of

the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

The defendant's motion takes the inquiry well beyond those limits, inviting the Court to comb through hundreds of pages of records to resolve a fact dispute. But the defendant has not made any plausible argument that the facts alleged within the four corners of the complaint are in any way insufficient to state a claim for infringement under federal or state law.

Section 32(a)(1) of the Lanham Act prohibits any person from infringing on a registered trademark by "us[ing] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(a)(1).

Section 43(a) of the Lanham Act prohibits unfair competition or false designation of origin involving any registered trademark by any person who, "in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C. § 1125(a)(1). "A Lanham Act claim for false designation of origin must contain two elements: (1) the false designation must have a substantial economic effect on interstate commerce; and (2) the false designation must create a likelihood of

confusion." *Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998). The factors for determining likelihood of confusion for a false designation of origin claim under § 1125 are identical to those considered for a trademark infringement claim under § 1114. *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1123 (6th Cir. 1996).

To prove a common-law claim of unfair competition under Michigan law based on infringement of a party's rights in a trade name, a plaintiff must prove that (1) a business competitor has adopted a name that is confusingly similar to one already being used by another business, and (2) the similarity results in a likelihood or probability of confusion among consumers who are using ordinary care. *Peninsular Stove Co. v. Augst*, 288 Mich. 465, 470, 285 N.W. 24, 26 (1939); *Boron Oil Co. v. Callanan*, 50 Mich. App. 580, 584, 213 N.W.2d 836, 838 (1973). Common-law rights to a mark are acquired through prior actual use of the mark. *Interstate Brands Corp. v. Way Baking Co.*, 403 Mich. 479, 481; 270 N.W.2d 103, 105 (1978); *see also Midwest Guaranty Bank v. Guaranty Bank*, 270 F. Supp. 2d 900, 908 (E.D. Mich. 2003) (citing *Allard Enterprises, Inc. v Advanced Programming Resources, Inc.*, 249 F.3d 564, 571 (6th Cir. 2001)). Michigan's common law regarding unfair competition tracks its federal counterpart. *See Clairol, Inc. v Boston Discount Center of Berkley, Inc.*, 608 F.2d 1114, 1118 (6th Cir. 1979).

And the Michigan Consumer Protection Act prohibits "[u]nfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce," which the Act defines as including "[c]ausing a probability of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." Mich. Comp. Laws § 445.903(1).

Manifestly, the allegations in the complaint are sufficient to make out viable causes of action for direct infringement and use of confusingly similar marks by the defendant that invaded the plaintiffs' rights in its registered and unregistered marks. In order to prove a claim for unfair

competition or trademark infringement under the Lanham Act, the plaintiff must show a likelihood of confusion. *Frisch's Restaurants Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642, 647 (6th Cir. 1982). The factors for determining likelihood of confusion for a false designation of origin claim under § 1125 are identical to those considered for a trademark infringement claim under § 1114. *Champions Golf Club, Inc. v. The Champions Golf Club, Inc.*, 78 F.3d 1111, 1123 (6th Cir. 1996). Those factors — the *Frisch* factors — can easily be found in the complaint's factual allegations. The complaint alleges that plaintiff Ready Capital Corporation registered its trademark earlier than the defendant's first use, they are engaged in nearly identical businesses, and the defendant has adopted the same trade name — letter for letter — as the plaintiffs.

The defendant's argument premised on a supposed "assignment of rights" and its assertions that it has "never used" certain marks referred to in the complaint are entirely outside the scope of the facts alleged and amount to mere factual denials of the allegations. "Mere disagreement with the facts alleged in a complaint, however, is not a sufficient predicate for a motion to dismiss." *County of Suffolk, New York v. Simpson*, No. 05-0715, 2005 WL 8159886, at *2 (E.D.N.Y. Dec. 12, 2005).

The defendant's argument on prior use is without merit because anyone with a passing interest in English grammar would understand that "at least as early as" is logically and legally consistent with, not contradictory to, the allegation in the complaint that the plaintiffs' first use of their marks began *earlier than* the date which supposedly was stated in their trademark application, which in any event the plaintiffs contend was a mere scrivener's error. Moreover, it is well settled that "[p]rior use is an affirmative defense to an infringement claim," *PGP, LLC v. TPII, LLC*, 734 F. App'x 330, 333 n. 2 (6th Cir. 2018) (citing 15 U.S.C. § 1115(b)(6)), "a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim," *Cataldo v. U.S. Steel Corp.*, 676

F.3d 542, 547 (6th Cir. 2012), and "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim based upon [such a defense]," *ibid*.

### III.

The complaint states claims in each of its four counts for which relief can be granted.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss the complaint (ECF No. 11) is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Date:  May 18, 2020